78,041-04

Ex parte
Carlos J. Gomez
TDCJ No. 1423116

MOTION DENIED
DATE: 1/28/15
BY: PC

In the court
of criminal appeals
Capitol Station
Austin, Texas 78711

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 20 2015

Abel Acosta, Clerk

WR-78,041-04

Cause No. D-1-DC-06-301119-C.

Motion to suppress the state court recommends to dismiss to applicant his a writ application, without consideration prejudice, and please enter a ruling concerning on the above styled and numbered cause, and that this honorable court to accept this motion to suppress recommends conclusion to dismiss, and enter to a speedy trial without delay.

To the Judge of said Court,

Comes now Carlos J. Gomez applicant on the above styled and numbered cause, and respectfully moves this court to grant to a speedy revocation state court recommends to dismiss to applicant his application for writ of habeas corpus, and also to comply to fill with Art. 11.07, §3(b), Code of criminal procedures, and enter to a speedy trial on the above styled and numbered cause, and in support of this motion applicant shows:

I

Applicant filed a writ application under Art. 11.07, §3(b), which was received and filed by the Dist. Clerk on october 23, 2014, but the that dist. court alleged is insufficient arguments to dismiss to applicant his a writ application, those is not support to the allegations of the applicant, because the allegation of the applicant is on the unfulfilment with the Art. 11.07, §3(b), and is sec 3(b), is not sec 4, so as to say dist court in his orders, and the writ application was under Art. 11.07, §3(b), and under the following Art's and Rules: 38.21, 78.22, 38.23, 64.01,(c), 26.13, 27.13, (a)(4).

-1-

-CO, 26.05(E), 11.01, V 36, 8, and also Rules 40(b)(a), 702(v.s.c.A. Const. Amends: 6, 8, 14., Code of Crim. Proc.

## II

A dismissal of proceedings where the trial court believes the dismissal is without prejudice, the parties would have simply created a sham transaction designed to legitimeze the immunity agreement - with the trial court having no real involvement in approving the agreement. If such can be done, then Graham's holding makes no sense. However, the recommends conclusion of the dist'court to dismiss to the applicant his a writ application is insufficient arguments and don't support to dismissal numerous points of errors of the dist'court and the grounds of the applicant, where there is insufficient arguments of the dist'court to dismiss to the applicant a writ application.

## III

To prevail upon a post-conviction writ of habeas corpus, applicant bears the burden of proving, by a preponderance of the evidence the facts that would entitle him to relief. Applicant must satisfy a three-pronged test, applicant must first show that the state court failed to disclose evidence, regardless of the prosecutions good or bad faith, he must then show that the withheld evidence is favorable to applicant, and the applicant must show that the state court evidence is material. If a prosecutor's power to enter a transactional immunity agreement really does stem from his power to dismiss, and trial court approval is a limitation upon that power, then trial court approval can be effective only if the trial court is aware that the dismissal is based upon an immunity agreement.

## V

Finally, is where there that the dist'court recommends to dismiss violated also Art (42.12, § 8 (a), Tex. Code Crim. Proc. Ann.) Because with the recommends to dismiss is insufficient arguments, evidences that the applicant show is material, that is, there is a reasonable probability that had the evidences been disclosed, the outcome of the trial would have been different. And "Constitutional Law", a due process claim of failure to disclose exculpatory evidences requires a showing that the state court failed to

-2-

disclose evidences, regardless of the prosecution's good or bad faith, the withheld evidences is favorable to the applicant, and applicant contended that the court recommends to dismiss to applicant his writ application violated Art 112.12§8(a). of Tex. Code Crim. Proc. Ann., and a speedy trial rights. Each case requires consideration of the following factors; although they are not exclusive: (1) the length of the delay; (2) the reasons for the delay; (3) the applicant's assertion of the right; and (4) the prejudice to the applicant resulting from the delay. See Art 112.12§8(a), and also Ray Carney v. state, 573 s.w. 2d 24.

It is for these reasons that this honorable court should enter to a speedy ruling on the above styled and numbered cause, and to accept this motion to suppress recommends to dismiss without further delay.

Respectfully Submitted.

Sincerely,

x Carlos U. Gomez

Carlos U. Gomez Pro Se
Michael Unit
2664 FM 2054
Tenn Colony, TX 15886.

-3-